UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

THOMAS RINKS,                    )
                                 )
                    Plaintiff,   )          Case No. 1:10-cv-1102
                                 )
v.                               )          Honorable Paul L. Maloney
                                 )
BRENT HOCKING,                   )
                                 )          **MEMORANDUM OPINION**
                    Defendant.   )
_____)

This is a breach of contract action falling within this court's diversity jurisdiction. 28 U.S.C. § 1332(a). Plaintiff's complaint, originally filed in the Kent County Circuit Court, seeks judgment in the approximate amount of $490,000.00, arising from defendant's alleged breach of a partnership agreement and failure to pay on a related promissory note. In brief summary, plaintiff and defendant entered into a partnership for the purpose of owing and holding a parcel of real estate in Baja California, Mexico. Plaintiff invested $400,000.00 in the property and later loaned defendant $400,000.00 under a promissory note. (Compl. and Ans. ¶¶ 5-8). Plaintiff alleges that defendant defaulted in payments on the promissory note and unilaterally sold the property in Mexico, paying plaintiff nothing, in violation of plaintiff's rights under the partnership agreement. By notice of removal filed November 8, 2010, defendant removed the action to this court under 28 U.S.C. § 1441(a), alleging complete diversity of citizenship and requisite amount in controversy. It is undisputed that plaintiff is a citizen of the State of Michigan and that defendant is a citizen of the State of California. (Notice of Removal, ¶ 3).

Presently pending before the court is defendant's motion for transfer of this action to the United States District Court for the Central District of California, filed under 28 U.S.C. § 1404(a). Defendant asserts that the transfer is justified by the convenience of the parties and witnesses and would be in the interest of justice. Attached to defendant's supporting brief are copies of both the partnership agreement and the promissory note that form the basis for this litigation. Relevant to the motion for transfer, the promissory note provides that the note will be governed by and interpreted according to the laws of the State of Michigan and that defendant "irrevocably agrees and consents that any action against [defendant] for collection or enforcement of this Note may be brought in any state or federal court that has subject matter jurisdiction and is located in, or whose district includes, Kent County, Michigan, and that any such court shall have personal jurisdiction over [defendant] for purposes of the action." (Promissory Note ¶ 13, ID#s 157-58). Chief Judge Paul Maloney has referred the motion for transfer to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A). The matter has now been fully briefed by the parties. For the reasons set forth below, I conclude that the motion for transfer lacks merit and must be denied.

## Discussion

Defendant's motion is governed by 28 U.S.C. § 1404(a), which provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The decision whether to transfer a civil action under section 1404(a) falls within the district court's discretion. *See Reese v. CNH Am., LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). The court must afford some deference

to the plaintiff's choice of forum, which is not to be disturbed "unless the balance is strongly in favor of the defendant." *Stewart v. Dow Chem. Co.*, 865 F.2d 103, 106 (6th Cir. 1989) (citing *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). The moving party bears the burden of showing, by a preponderance of the evidence, that a change of venue is warranted. *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003).

I note at the outset that defendant has not and cannot challenge the propriety of venue in this court. Plaintiff filed this action in Kent County Circuit Court, and defendant chose to remove it to federal court pursuant to 28 U.S.C. § 1441(a). Under that statute, venue for a removed action is in the "district court of the United States for the district and division embracing the place where such action is pending." Venue in removed cases is governed solely by section 1441(a). *Pollizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). The Sixth Circuit has made it clear that there is only one federal venue into which a state court action may be removed, and that a removing defendant's only possible source of relief is a motion to transfer to a more convenient district under section 1404(a). *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 535 (6th Cir. 2002).

Analysis under section 1404(a) involves the weighing of a number of specific factors. These include factors touching on the private interests of the parties (such as their convenience and the convenience of potential witnesses) as well as public-interest concerns, "such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). A forum selection clause, such as the one contained in paragraph 13 of the promissory note herein, is one of the factors to consider in this calculus, but it is not dispositive. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). In addition to the existence of a forum selection clause, the federal courts have identified a number of

non-exclusive factors for consideration in determining whether transfer is warranted under section 1404(a). These include (1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) the cost of obtaining willing witnesses, (6) practical problems indicating where the case can be tried more expeditiously and inexpensively, and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case. *Cincinnati Ins. Co. v. O'Leary Paint Co.*, 676 F. Supp. 2d 623, 632-33 (W.D. Mich. 2009) (citing *Steelcase Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 719-20 (W.D. Mich. 2004)). The balance of these factors weighs heavily against a transfer of this case to California.

Convenience of the Parties. It is obvious that a Michigan forum is more convenient for plaintiff, while a forum in his home state would be more convenient for defendant. The federal courts, however, give greater consideration to plaintiff's choice of forum, especially where, as here, plaintiff resides in the chosen forum. *See Zions First Nat'l Bank v. Moto Diesel Mexicana*, No. 09-1704, ___ F.3d ___, 2010 WL 5094061, at * 1 (6th Cir. Dec. 15, 2010). This is sometimes expressed as a "strong presumption" in favor of plaintiff's selected forum. *Id.* In such circumstances, transfer is not appropriate where it will only serve to shift the balance of inconvenience from one party to another. *See Production Group Int'l, Inc. v. Goldman*, 337 F. Supp. 2d 788, 799 (E.D. Va. 2004). The first factor therefore favors the Western District of Michigan as the appropriate forum.

Convenience of the Witnesses. The convenience of witnesses is often the most important factor in transfer analysis. *See Cincinnati Ins. Co.*, 676 F. Supp. 2d at 634-35. To sustain

a finding on this factor, however, the party asserting witness inconvenience "has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003). Particularized information is necessary to enable a court to ascertain how much weight to give a claim of inconvenience. *Id.* Inconvenience to a witness whose testimony is cumulative or tangential is not entitled to great weight. By contrast, greater weight must be accorded inconvenience to witnesses whose testimony is central to the claim or whose credibility is likely to be an important issue. *See Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685, 693 (E.D. Va. 2007). Consequently, the materiality and importance of the testimony of prospective witnesses, and not merely the number of witnesses, is crucial to this inquiry. *See Viron Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 816 (W.D. Mich. 2002).

Defendant has done virtually nothing to sustain his burden of proof on this key issue. Relying on his Rule 26(a) disclosure, defendant lists eleven non-party witnesses, each of whom lives in California, and one witness who lives in Mexico. Defendant makes no effort, however, to explain why these witnesses are important to the resolution of this case. Some of the witnesses appear to be virtually irrelevant to the question whether defendant has failed to pay on the promissory note or has any legal justification for selling the property without sharing the proceeds with his partner. Witness Kathy Katz, for example, allegedly arranged the original purchase contract for the property. It is extremely unclear how Ms. Katz would add anything to this case. Witnesses Perra and Wood were

involved in construction and upkeep of the property. Again, defendant makes no effort to explain the importance or materiality of this testimony.[1]

"A party moving for transfer for the convenience of the witnesses must demonstrate, through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include." *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1151 (E.D. Cal. 2010). Defendant has not sustained his burden of demonstrating to the court that the California witnesses identified in his Rule 26(a)(1) disclosure are "key" to resolution of this case. This factor therefore does not weigh in favor of transfer.

Access to Sources of Proof. This factor relates to the location of relevant documentary evidence. *See Cincinnati Ins. Co.*, 676 F. Supp. 2d at 635. The advent of modern technology, including photocopying, scanning, and electronic document production, has deprived this factor of most of its practical or legal weight. *Id.*

Availability of Process to Compel Attendance of Unwilling Witnesses and Cost of Obtaining Willing Witnesses. The next two factors can be considered together. They are closely tied to the convenience of witness factor, because the weight to be given to cost of procuring witnesses (whether willing or unwilling) depends on how important those witnesses are to the resolution of the case. Clearly, if the witnesses listed in defendant's Rule 26(a) disclosure are critical

---

[1] Review of the pleadings and the joint status report, as well as the Rule 26(a) disclosure submitted by defendant, fails to unearth any defense to plaintiff's claim. At least, no obvious defense appears. Defendant does seek an offset for monies invested in the property and its maintenance. (Def. Rule 26(a) Disclosure, ID#s 169-70). Presumably, the listed witnesses have some bearing on the offset issue. At this point, however, it is unclear whether plaintiff intends to contest the offset, whether substantial litigation will be devoted to this aspect of the case, or the amount of the offset claimed.

to the outcome of this matter, this factor weighs in favor of the defendant. A federal court sitting in Los Angeles would be able to compel the presence of witnesses within its district or within 100 miles of the courthouse. *See* FED. R. CIV. P. 45(b)(2). If the case is pending in the Western District of Michigan, by contrast, those witnesses would not be subject to the subpoena power for trial, but only for deposition in their home districts. Consequently, the presentation of their testimony to the trier of fact would not be live and could therefore be less persuasive. As noted previously, however, the listed California non-party witnesses appear to relate to the setoff claim, which at this point is amorphous in amount and uncertain in importance. To the extent that this factor is relevant, it weighs in favor of transfer, but not heavily.

   <u>Practical Problems Involving Expense and Delay in the Competing Districts</u>. Defendant does not address this issue, which is a public interest factor relating to docket congestion and other practical considerations in the districts involved. *See Cincinnati Ins. Co.*, 676 F.2d at 637-38. Essentially, this factor asks which court can dispose of the case more quickly and expeditiously. This case has already been through the scheduling process in this court and has firm dates for close of discovery, motion practice, final pretrial and trial. It is impossible to believe that a transfer to Los Angeles, California, where the case will essentially start over, will result in a more expeditious resolution of the matter.

   Also subsumed in this practical factor is the question of familiarity by the court with the governing law. The promissory note (¶ 13) adopts Michigan law to govern the parties' transaction. Obviously, this factor weighs against a transfer.

Contractual Choice of Forum. Finally, the contractual forum selection clause is a "significant but not dispositive factor in deciding a motion to transfer." *Parker Hannifin Corp. v. Dayco Prods., LLC*, 137 F. App'x 757, 759 (6th Cir. 2005) (citing *Stewart Org., Inc.*, 487 U.S. at 29). In fact, Justice Kennedy has remarked that a valid forum selection clause should be given controlling weight in all but the most exceptional circumstances. *Stewart Org., Inc.*, 487 U.S. at 33. Presumably, such clauses are the product of negotiation between the parties at the time of the transaction, when no dispute exists and all parties are acting in good faith. The presence of such a clause adds to the already substantial burden that a moving party faces, as he must show not only that the balance of convenience is strongly in his favor but also that litigation of the case in the contractually selected forum will be "so manifestly and gravely inconvenient" that the party will effectively be deprived of a meaningful day in court. *MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 848 (3d Cir. 2003).

As the balance of the other relevant factors does not support a transfer, the existence of the forum selection clause provides one more reason to accede to plaintiff's choice of forum in the present case. Although the presence of such a forum selection clause is not itself dispositive, in the present case, the clause reinforces a conclusion against transfer. Defendant nevertheless raises two arguments in an effort to avoid the forum selection clause, neither of which is persuasive. First, defendant argues that the clause is not mandatory, but only permissive. He does this by relying on the word "may," taken completely out of context. The forum selection clause, read as a whole, leaves no room for escape. It is clearly mandatory. The clause provides that defendant "irrevocably agrees and consents" to a collection or enforcement action on the note in any state or federal court embracing Kent County, Michigan. Second, defendant points out that the forum selection clause

appears only in the promissory note and not in the partnership agreement. Defendant presents no authority or argument in favor of discounting the effect of a forum selection clause in these circumstances, especially when the claim under the note and the claim under the partnership agreement are alleged to be intertwined.

### Conclusion

The balance of factors relevant under 28 U.S.C. § 1404(a) tips decidedly against a transfer of this action. The presence of a forum selection clause only reinforces this conclusion. Defendant has not met his burden of showing that the private and public factors relevant under section 1404(a) strongly suggest a transfer. Defendant's motion will therefore be denied.


Dated:  February 16, 2011                    /s/  Joseph G. Scoville_____
                                             United States Magistrate Judge